UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**  CASE NO.: 8:15-CR-303-T-17AEP

v.

**SHERWIN EBANKS**

    **Defendant.**
_____/

## SENTENCING MEMORANDUM

Defendant, Sherwin Ebanks, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Ebanks' sentence, and states as follows:

## PROPOSED GUIDELINE CALCULATION

Due to the governments 5K1.1 motion, Defendant is no longer subject to a 120-month minimum mandatory sentence. Currently, the Presentence Investigation Report indicates a guideline range of 135 to 168 months without taking into consideration the 5K1.1 motion.

Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | 38 |
| **Reduction based on U.S.S.G. § 2D1.1(b)(17) (Meeting § 5C1.2 "Safety Valve Criteria)** | -2 to 36 |
| **Reduction based on U.S.S.G. § 3B1.2 (Mitigating Role)** | -2 to 34 |

1

| | |
|---|---|
| **Reduction based on U.S.S.G. § 2D1.1(a)(5) (Offense Level Adjustment for Mitigating Role)** | -4 to 30 |
| **Reduction based on U.S.S.G. § 3E1.1(a) (Acceptance of Responsibility)** | -2 to 28 |
| **Reduction based on U.S.S.G. § 3E1.1(b) (Acceptance of Responsibility)** | -1 to 27 |
| **Reduction for 4 levels due to government's 5K1.1 Motion and additional factors** | -4 to 23 |
| **Criminal History Category** | I |
| **Guidelines Range** | 46-57 months |

## I. THE APPLICABLE SENTENCING STANDARD

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to

filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

## II.  SENTENCING GUIDELINE APPLICATION

### A.  Base Offense Level and Undisputed Reductions

Due to the weight of the cocaine, the starting base offense level is 38. The undisputed reductions to the offense level are:

1. Mr. Ebanks is eligible for a two-level reduction based upon his meeting of the criteria in U.S.S.G. § 2D1.1(b)(17), that references U.S.S.G. § 5C1.2.

2. Mr. Ebanks is eligible for the three-level total reduction based up Mr. Ebanks' acceptance of responsibility.

3. The government has filed a motion under 5K1.1 suggesting an additional two-level reduction.[1]

Thus, the undisputed highest offense level that the Court should consider is a level 31, with a range of 108-135 months.

---

1. Mr. Ebanks submits that 4 levels would be appropriate in light of his disclosure as a witness for the government in a separate prosecution. Argument will be presented at sentencing in support of this position.

### B. Under Current Guidelines, Mr. Ebanks' Conduct Reflects a Minor Role

Under U.S.S.G. § 3B1.2, "if the defendant was a minor participant in any criminal activity," the defendant is entitled to a two-level reduction in his offense level on top of the three-level base-offense level reduction under §2D1.1(a)(5). Here, as detailed below, Defendant's role was minor and peripheral to the thrust of the offense.

The United States Sentencing Commission has adopted recent amendments to the sentencing guidelines that clarify when a reduction based on a minor role in the offense should apply. These amendments were imposed to address what the Commission felt was an inconsistent application and too sparring use for mitigating role. The amendments set forth a more detailed "Fact-Based Determination" that sets forth a non-exhaustive list of factors for the court to consider. Those new factors include:

> **(i) the degree to which the defendant understood the scope and structure of the criminal activity;**
>
> **(ii) the degree to which the defendant participated in planning or organizing the criminal activity;**
>
> **(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;**
>
> **(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;**
>
> **(v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.**

Mr. Ebanks' role in the crime in the best determined by the disclosures he made to the government. Mr. Ebanks' role is best defined by the things that he <u>did not do</u>:

**Mr. Ebanks did not recruit any co-conspirators**

**Mr. Ebanks was neither the source or owner of the cocaine or the vessel**

**Mr. Ebanks was not involved in any aspect of the conspiracy beyond the one voyage**

**Mr. Ebanks was not able to make decisions, give orders, or change plans**

**Mr. Ebanks did not plan the voyage**

**Mr. Ebanks did not control payment, or receive extra wages**

**Mr. Ebanks did not have control of the cocaine**

Essentially, Mr. Ebanks' conduct was to ride on the vessel and receive payment in an amount that was determined by the organizers of the trip. He was not to receive a cut or percentage of any proceeds.

Applying the amendments to the guidelines above, there is no evidence that Mr. Ebanks "understood the scope and structure of the criminal activity." Further, he was not involved in the "planning or organizing [of] the criminal activity." He did not exercise "decision-making authority or influence[] the exercise of decision-making authority." For instance, he did not determine the crew, the route, the timing of departure, or the amount of payment or product. As detailed above, the "nature and extent of the defendant's participation in the commission of the criminal activity," was narrow and limited in scope. Mr. Ebanks did not have a "propriety interest in the criminal activity" and he was simply "paid to perform certain tasks." Therefore, Mr. Ebanks "should be considered for an adjustment under" the adopted amendments to the guidelines.

Based on the above factors, Mr. Ebanks is exactly the type of participant that should

receive a two-level reduction in his offense level on top of the three-level base-offense level reduction under §2D1.1(a)(5).

## IV.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

### A.    Mr. Ebanks's Characteristics

Mr. Ebanks is a 41-year old Honduran native with a 3rd grade education and **no criminal history**. The Probation Officer who conducted Mr. Ebanks' interview noted in the Presentence Investigation Report, paragraph 46, that Mr. Ebanks comes from poverty. Mr. Ebanks is a loving and stable father who was pushed to make a poor decision in an attempt to provide for his family. Additional testimony at sentencing is expected from family members.

While Mr. Ebanks' plight may not be unique, it still warrants consideration for departure.

### B.    The Offense Characteristics

The smuggling operation undertaken by Mr. Ebanks was not a complicated endeavor. His role was even less complicated. As a mariner he never had any responsibilities directly related to the cocaine and therefore should be considered for reduced sentence.

6

## CONCLUSION

For all the above reasons, Mr. Ebanks respectfully requests that the Court sentence him to a sentence contemplating a guideline range of 46-57 months.

Dated: June 1, 2016                                  Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Brian L. Shrader
_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2016, a true and correct copy of the foregoing was was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Brian L. Shrader
_____
Attorney