**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:15-cr-303-T-60AEP

SHERWIN HARLAN EBANKS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

    This matter is before the Court on Defendant Sherwin Harlan Ebanks's construed motion to reduce sentence, filed *pro se* on November 20, 2020. (Doc. 116). On December 21, 2020, the Court directed the United States to respond to the motion. (Doc. 118). On January 6, 2021, the Government filed its response. (Doc. 119). After reviewing the motion, response, case file, and the record, the Court finds as follows:

    On June 3, 2016, Defendant was sentenced to a term of imprisonment of 87 months for conspiring to possess with intent to distribute five or more kilograms of cocaine while abord a vessel subject to the jurisdiction of the United States. (Doc. 95). The sentence followed the Court's granting of the Government's motion for a sentence reduction based on Defendant's substantial assistance. (Doc. 90). Defendant now seeks a further reduction of his sentence, alleging that he has not received credit for his participation in certain programs while incarcerated. (Doc. 116).

    As the Government points out, the Bureau of Prisons ("BOP") has exclusive jurisdiction over sentence computations, including applicable credits, subject to later judicial review under 28 U.S.C. § 2241. To challenge the BOP's computation of a

sentence, an inmate must first exhaust his administrative remedies before seeking judicial review. *See, e.g., Reno v. Koray*, 515 U.S. 50, 53 (1995); *United States v. Nyhuis*, 211 F.3d 1340, 1345-46 (11th Cir. 2000). Furthermore, a § 2241 petition must be filed in the district of the prisoner's confinement. *See* 28 U.S.C. § 2241; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004).

Defendant does not allege or provide any documentation to show that he has exhausted his administrative remedies regarding his sentence computation request. Furthermore, to the extent that he is seeking relief under § 2241, he has failed to follow the proper procedures and file his request in the proper court. As such, no relief is warranted upon this request.

As part of his construed motion, Defendant submitted as an exhibit paperwork concerning a compassionate release request he submitted to the BOP based on the COVID-19 pandemic. Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

It appears that Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his medical condition, the spread of COVID-19 among incarcerated persons, and the BOP's inadequate response to the COVID-19 pandemic. Specifically, Defendant claims that because he has high blood pressure, he is more susceptible to COVID-19 complications.[1] Defendant accordingly

---

[1] Defendant also references chronic neck pain, psoriasis, and depression, but it is not clear how these conditions would make him more susceptible to COVID-19.

appears to seek release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the BOP; or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. The Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his age or medical conditions.[2] Defendant is a 46-year old offender and claims that his high blood pressure makes him particularly vulnerable to COVID-19. However, Defendant has provided no documentation to establish that he suffers from high blood pressure. Furthermore, Defendant has not alleged or shown that he has a terminal illness or that his high blood pressure constitutes a serious physical or

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover.  General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, he has not met his burden in showing that the applicable Section 3553(a) factors weigh toward granting compassionate release in this case.  Considering the § 3553 factors, release would not be appropriate here.  Consequently, Defendant's construed motion to reduce sentence is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 26th day of January, 2021.

                                                      **TOM BARBER**
                                                      **UNITED STATES DISTRICT JUDGE**